ELIAKIM C. LONG *vs.* JABEZ C. WOODMAN *et al.*

Cumberland, 1871.—August 6, 1875.

*Assumpsit. Frauds—statute of. Deed—parol evidence as to consideration.*

Assumpsit lies to recover the price or value of real estate conveyed. The promise on which the action is based need not be express; it may be implied.

Where an express promise to pay for real estate conveyed is within the statute of frauds and cannot therefore be enforced, the law implies one, the implied promise is to pay what the land is reasonably worth.

Where a deed absolute in form is intended as security for the payment of money and the grantee at the time of the making and delivery of the deed promises the plaintiff that he will within a day or two give him a bond to reconvey on payment of principal and interest within a specified time, but afterwards declines to give the bond or to reconvey on tender of payment, *held*, that assumpsit lies to recover the value of the premises.

R. S., c. 82, § 111, providing that when costs have been allowed against a plaintiff on nonsuit or discontinuance and a second suit is brought for the same cause, the action may be dismissed unless such costs are paid at such time as the court appoints, *held*, not to apply where the declaration in the former action was in tort and disposed of on demurrer, and the latter action is in assumpsit.

ON MOTION AND EXCEPTIONS from the superior court.

ASSUMPSIT to recover the value of a lot of land of about one-half acre, and buildings thereon in Cape Elizabeth.

The plaintiff bought this lot of one Joseph Reed, January 9, 1868 at a price of $1000, and conveyed it March 8, 1868, to the defendants by a deed absolute in form, but intended as security for money borrowed, about $200, under an agreement that the defendants should give a bond of a later date to reconvey on payment of $400, in two years. The defendants neglected and refused to give the bond, and March 5, 1870, the plaintiff tendered principal and interest and demanded a reconveyance. This demand not being complied with, the plaintiff brought first an action on the case in tort. The defendants demurred to the declaration which was adjudged bad by the law court, and the defendants recovered costs. The plaintiff afterwards commenced this action which the defendants in the court below moved to dismiss because the costs had not been paid in the former suit. This motion was overruled; and it was then claimed in defense that the plaintiff was estopped by his deed to deny that he received the amount of the consideration named therein $390, and estopped also to show that a deed absolute in form was intended as a mortgage. The defendants in their testimony admitted that they did agree to give a bond and had not for certain reasons done so; and among other reasons that they had afterwards let the plaintiff and paid on his account other sums amounting to another hundred dollars which he neglected to repay. The jury returned a general verdict for the plaintiff for $648.48, and also found specially that the value of the property conveyed by the plaintiff to the defendants at the time of the conveyance, March 6, 1868 was $900, and that the plaintiff at that time received only $200 in money.

To the rulings of the presiding justice, in refusing to dismiss the action, and in admitting oral evidence as to the value of the premises and as to the amount of consideration, the defendants excepted, and also filed a motion to have the verdict set aside as against law and evidence.

*A. Merrill,* for the defendants.

*P. Bonney,* for the plaintiff.

WALTON, J. ASSUMPSIT lies to recover the price or value of

real estate conveyed. The action is of course based on a promise. But the promise need not be express; it may be implied. If none is in fact made; or if the one made is within the statute of frauds, and cannot for that reason be enforced, and the grantee refuses or neglects to perform it voluntarily, the law implies one. The implied promise is to pay what the land conveyed was reasonably worth.

This action is based upon the implied promise; not because no promise was in fact made, but because the one made was within the statute of frauds, and could not be enforced, and the defendants had neglected and refused to perform it voluntarily. The right to recover, if the proof was sufficient, cannot be doubted. The case is not distinguishable in principle from *Bassett* v. *Bassett*, 55 Maine, 127; or *Basford* v. *Pearson*, 9 Allen, 387. In the latter case the principle on which the action is maintainable is fully discussed.

The preliminary motion to dismiss the action because the costs of a former suit between the same parties had not been paid, was properly overruled. The former suit was not for the same cause of action; nor was it disposed of by nonsuit or discontinuance. The statute relied on in support of the motion does not therefore apply. R. S., c. 82, § 111.

The jury found for the plaintiff. No reason is perceived for setting the verdict aside. The rulings of the presiding judge appear to have been correct, and the evidence sufficient to justify the verdict of the jury.                *Motion and exceptions overruled.*
                          *Judgment on the verdict.*

DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.